# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# MONROE DIVISION

| | |
|---|---|
| **BRUCE D. CARTER, ET AL.** | **CIVIL ACTION NO. 05-1875** |
| **VERSUS** | **JUDGE ROBERT G. JAMES** |
| **C.N.H. AMERICA, LLC, ET AL.** | **MAG. JUDGE KAREN L. HAYES** |

## MEMORANDUM RULING

C.N.H. America, LLC ("CNH") and Scott Tractor Co., LLC ("Scott") each filed a Motion to Dismiss Bruce and Hillary Carters' claims against Scott [Doc. Nos. 42 and 43, respectively]. They claim that dismissal is warranted because the Magistrate Judge previously ruled that Scott was improperly joined as a defendant. The Motions to Dismiss were referred to Magistrate Judge Karen L. Hayes ("Magistrate Judge") for proposed findings of fact and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and (C).

On October 16, 2006, the Magistrate Judge filed a Report and Recommendation [Doc. No. 53] recommending that CNH's and Scott's Motions to Dismiss be granted. The Report and Recommendation was explicitly based on the Magistrate Judge's prior ruling [Doc. No. 41] denying Plaintiffs' Motion to Remand [Doc. No. 29] because Scott was improperly joined.

Plaintiffs filed an Objection to the Report and Recommendation [Doc. No. 54] claiming that the Magistrate Judge erred in denying their Motion to Remand. CNH and Scott each filed a response [Doc. Nos. 55 and 56, respectively] contending that Plaintiffs are barred from re-litigating the merits of the Motion to Remand because they did not appeal the Magistrate Judge's

1

prior ruling.

Having considered the entire record in this matter, including the objections, the Court ADOPTS the Report and Recommendation, as modified by this ruling. CNH's and Scott's Motions to Dismiss are GRANTED, and Plaintiffs' claims against Scott are DISMISSED WITH PREJUDICE, each party to bear its own costs.

## I.     FACTS AND PROCEDURAL HISTORY

The Court finds that the Magistrate Judge correctly stated the complete facts of this case in her ruling on the Motion to Remand [Doc. No. 41]. However, the Court will briefly describe the pertinent facts and procedural history.

Plaintiffs' claims arise from an accident on October 27, 2004, involving a Model 1844 cotton picker designed and manufactured by CNH. Trippet Faulk ("Faulk"), the operator of the cotton picker, asked Plaintiff Bruce Carter ("Carter") to crawl under the cotton picker and clean the electronic monitoring lenses. Faulk then left the cotton picker with the engine running and went to check on another piece of equipment. When Faulk returned approximately fifteen minutes later, he climbed onto the cotton picker, put it in gear, and drove forward without first checking Carter's whereabouts. Carter, who was still underneath the cotton picker, was crushed under the front wheels.

In their original Complaint, Plaintiffs named only CNH and Case Corporation as defendants. The case was removed to federal court on October 27, 2005, on the basis of diversity jurisdiction.

After removal, Plaintiffs amended their Complaint to include Scott because they allege that a Scott mechanic told Faulk to leave the engine running during the day in order to prevent

2

the fan belts from coming loose (hereinafter referred to as the "directive"). [Doc. No. 24].

Plaintiffs claim that, if keeping the engine running caused the accident, then Scott is liable.

Plaintiffs filed a Motion to Remand this action to state court because the addition of Scott destroyed complete diversity. [Doc. No. 29]. CNH responded by claiming that Scott was improperly joined as a defendant. [Doc. No. 33].[1] The Magistrate Judge agreed and denied Plaintiffs' Motion to Remand. [Doc. No. 41]. She also recommend that the claims against Scott be dismissed with prejudice.

CNH and Scott then filed Motions to Dismiss Plaintiffs' claims against Scott.

## II. LAW AND ANALYSIS

The Court reviews *de novo* a magistrate judge's report and recommendation if a party files specific, written objections within ten days of service. 28 U.S.C. § 636(b)(1). In the present case, Plaintiffs, CNH, and Scott each timely filed objections [Doc. Nos. 54, 55, and 56, respectively] to the Magistrate Judge's Report and Recommendation, thus warranting *de novo* review by the Court.

In their Objection to the Report and Recommendation, Plaintiffs claim that the Magistrate Judge erred in denying their Motion to Remand. Plaintiffs did not appeal this ruling, and, therefore, are barred from "assign[ing] as error a defect in the magistrate judge's [ruling] to which objection was not timely made." Fed. R. Civ. P. 72(a).[2]

---

[1] Scott did not file an opposition to Plaintiffs' Motion to Remand.

[2] Plaintiffs' Motion to Remand was not excepted in 28 U.S.C. § 636(b)(1)(A), nor dispositive of any claim on the merits within Federal Rules of Civil Procedure 72. Therefore, Plaintiffs were required to appeal the Magistrate Judge's ruling to the district judge in accordance with Fed. R. Civ. P. 72(a) and Local Rule 74.1(W).

3

However, because the parties filed timely objections, a *de novo* review of the record is required.

### A. CNH's and Scott's Motions to Dismiss

The Court finds that the Magistrate Judge correctly stated the applicable law and ADOPTS and incorporates by reference the general statements of law contained in her prior ruling [Doc. No. 41].

The Court ADOPTS the Magistrate Judge's recommendation to dismiss Plaintiffs' claims against Scott on the basis of improper joinder, but does so for alternative reasons.

#### 1. Improper Joinder

Plaintiffs claim that the Magistrate Judge failed to resolve a disputed issue of fact in their favor in determining whether Scott was improperly joined. Plaintiffs allege that a Scott mechanic told Faulk to leave the cotton picker's engine running during the day, and, as a result, Faulk left the engine running on the day of the accident. To support their claim, Plaintiffs assert that Faulk received and followed this directive prior to the accident.

CNH claims that Faulk's usual practice was to leave the engine running for short periods of time *before* receiving this directive. CNH alleges that Faulk received the directive several years before the accident took place and Faulk's testimony did not establish that the directive changed his usual practice.

To prove improper joinder, CNH was required to demonstrate that "there is no reasonable basis for the . . . court to predict that the plaintiff might be able to recover. . . " against Scott for

negligence under Louisiana Civil Code article 2315.[3] *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc), *cert. denied*, 544 U.S. 992 (2005). In making this determination, the Magistrate Judge was required to ". . . evaluate all of the factual allegations in the light most favorable to [Plaintiffs], resolving all contested issues of substantive fact. . . " in their favor. *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981).

In ruling on the Motion to Remand, the Magistrate Judge determined that Faulk's deposition testimony showed his usual practice, before and after the directive, was to leave the engine running for short periods of time. Therefore, Plaintiffs could not show the directive changed Faulk's practice.

Faulk implied that his usual practice was to leave the engine running for short periods of time, so that the fan belts would not come loose, which is consistent with the directive. The Court finds that Faulk's testimony does not conclusively establish whether he left the engine running because of the directive. Therefore, this disputed fact should have been resolved in Plaintiffs' favor. However, assuming that Faulk left the engine running because of the directive, Plaintiffs cannot show this caused the accident.[4]

The only plausible theory of causation is that, if Faulk had turned the engine on when he

---

[3]Plaintiffs claim that Scott was negligent under Louisiana Civil Code article 2315 and the Louisiana Products Liability Act, La. R.S. 9:2800.51, *et seq*. The parties and the Magistrate Judge have not specifically addressed Scott's liability under La. R.S. 9:2800.51. Under article 2315, Plaintiffs must show duty, breach, causation, and damages. *See Mayes v. State,* 96-789 (La. App. 3 Cir. 12/11/96); 685 So.2d 497, 500, *writ denied*, 97-0113 (La. 3/7/97); 689 So.2d 1376.

[4]As the Magistrate Judge correctly noted, Plaintiffs have had ample opportunity to provide the Court with evidence to support their claim of causation, regardless of their inability to re-depose Faulk.

returned to the cotton picker, the resultant noise would have startled Carter, and he would have been able to move to safety or signal to Faulk in time to avoid injury. However, this theory is too speculative to support causation. *See, e.g., Mayes v. McKeithen*, 213 So. 2d 340, 342 (La. Ct. App. 1968) ("... negligence is never presumed and the burden of proving negligence rests with the party who charges its presence. ... Probabilities, surmises, speculations and conjectures cannot be accepted as sufficient grounds to justify a recovery to a plaintiff who is charged with the burden of proof.").

In addition, Faulk's deposition testimony shows that leaving the engine running did not cause the accident. Several of Faulk's actions prior to placing the cotton picker in gear would have signaled to Carter that Faulk had returned, *irrespective of whether the engine was running*.

When Faulk climbed onto the cotton picker and got inside the cab, the cotton picker shook under his weight. [Deposition of Faulk, p. 113-14]. This could have alerted Carter that Faulk was climbing onto the cotton picker and would have occurred regardless of whether Faulk had to start the engine.

After Faulk climbed into the cab, he revved the engine before placing the cotton picker in gear. [Deposition of Faulk, p. 115]. This sound was sufficient to alert Carter, irrespective of the additional noise that would have been created if Faulk had to start the engine.

Faulk testified that the engine is very loud and it is hard to hear inside or outside the cab. [Deposition of Faulk, p. 119]. While it is not clear from Faulk's testimony whether Carter tried to tell Faulk that he was still underneath the cotton picker, it is unlikely that Faulk could have heard Carter while the engine was running.

6

The Court finds that leaving the engine running did not cause the accident. Plaintiffs do not have a reasonable probability of prevailing on their negligence claim against Scott, and, thus, Scott was improperly joined as a defendant.

**III.  CONCLUSION**

For the foregoing reasons, the Court ADOPTS the Magistrate Judge's Report and Recommendation [Doc. No. 53], as modified by this ruling. CNH's and Scott's Motions to Dismiss are GRANTED [Doc. Nos. 42 and 43, respectively], and Plaintiffs' claims against Scott are DISMISSED WITH PREJUDICE, each party to bear its own costs.[5]

MONROE, LOUISIANA, this 28th day of December, 2006.

*[signature]*
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE

---

[5] The Magistrate Judge recommends dismissal at Plaintiffs' cost, but does not state her reasons for doing so. The Court finds no basis for making Plaintiffs bear the costs of these motions.